IT IS SO ORDERED.

Dated:  26 April, 2024 12:46 PM

Suzana Krstevski Koch
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| KEITH CRUMP, | ) | Case No. 22-13906 |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |
| | ) | |
| | ) | |
| ANDREW R. VARA, | ) | Adversary Proceeding |
| United States Trustee, Region 9 | ) | Case No. 23-01021 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEITH CRUMP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

This adversary proceeding is before the Court on the United States Trustee's Motion for Summary Judgment Upon Complaint to Deny Chapter 7 Discharge ("Motion") pursuant to 11 U.S.C. § 727(a)(4)(A) and Defendant/Debtor ("Debtor") Keith Crump's Reply ("Reply"),

which the Court construes as a Brief in Opposition. The Court heard oral argument on the Motion and Reply on March 20, 2024. For the following reasons, the Court determines that there are genuine issues of material fact regarding the United States Trustee's claims, and the United States Trustee's Motion is denied.

## JURISDICTION

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b). The parties consent to final entries by this Court. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

## FEDERAL RULE OF CIVIL PROCEDURE 56(g)

Fed.R.Civ.P. 56(g), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056, provides:

> If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief— that is not genuinely in dispute and treating the fact as established in the case.

Further, the 2010 Amendment Advisory Committee Notes provide,

> Subdivision (g) applies when the court does not grant all the relief requested by a motion for summary judgment. It becomes relevant only after the court has applied the summary-judgment standard ... to each claim, defense, or part of a claim or defense, identified by the motion. Once that duty is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute.

Fed. R. Civ. P. advisory committee's note to 2010 amendment. The Court may determine that certain material facts are uncontested and establish those facts as undisputed for the purpose of trial. *In re Sasso*, 550 B.R. 550, 553 (Bankr. D.N.M. 2016). "The purpose of [the rule] is

2

twofold: to salvage some of the judicial effort involved in the denial of a motion for summary judgment and to streamline the litigation process by narrowing the triable issues." *In re Bak*, 2013 WL 653073, *3.

This opinion includes the Court's findings of undisputed facts and conclusions of law. The Court has determined that the following facts are not subject to a genuine dispute and are established in the case pursuant to Fed.R.Civ.P. 56(g), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056.

## BACKGROUND

The following facts are presented in the light most favorable to Debtor as the non-moving party and are undisputed unless otherwise noted.

On April 1, 2021, and again on April 10, 2021, two Paycheck Protection Program ("PPP") loan applications were submitted in the name of Keith Crump, Owner, and list Debtor as the primary contact. UST Ex. 8 (First Loan Application); UST Ex. 9 (First Loan Note); UST Ex. 11 (Second Loan Application); UST Ex. 12 (Second Loan Note). The email and business address provided match Debtor's personal email address and home address. In addition, the business TIN (EIN, SSN, ITIN) matches the last four digits of the Debtor's social security number. *Id*. Both applications are electronically signed, Keith Crump, Owner. *Id*.

On April 8, 2021, and again on April 22, 2021, Harvest Small Business Finance, LLC ("Harvest") deposited PPP loans in the amounts of $14,041.00 each, for a total of $28,082.00 (the "SBA Funds") into Debtor's savings account at Firefighters Community Credit Union. UST Ex. 4 at 5 (Debtor's Firefighter's Community Credit Union Statement for April 1, 2021, through April 30, 2021).

On September 8, 2021, and again, on September 15, 2021, Debtor submitted PPP loan forgiveness applications. UST Ex. 10 (First Loan Forgiveness Application); Ex. 13 (Second Loan Forgiveness Application). The personal information, including, primary contact, email address, business address, and the last four digits of the Debtor's social security number, all match the information provided on the PPP loan applications. *Id*. The loan forgiveness applications are electronically signed Keith Crump, Owner. UST Ex. 10 at 1 (First Loan Forgiveness Application); Ex. 13 at 1 (Second Loan Forgiveness Application).

On December 26, 2022, Debtor filed for Chapter 7 bankruptcy in Case No. 22-13906. He filed a Petition, Schedules, Statement of Financial Affairs ("SOFA"), and a Declaration About an Individual Debtor's Schedules ("Declaration"). (22-13906, ECF. No 1).

SOFA Part 4 asks in relevant part:

"Did you have any income from employment or from operating a business during this year or the two previous calendar years? Fill in the total amount of income you received from all jobs and all businesses, including part-time activities."

In response, Debtor checked the box indicating that he had income from "wages, commissions, bonuses, [and] tips," but does not check the box to report income from "operating a business." In the remainder of Part 4, Debtor disclosed wage earnings of $48,000 for 2020, $52,000 for 2021, and $58,616.46 for 2022 from his employment as a metal fabricator. The income he reported in 2021 matches the income reported on his 2021 federal tax return. UST Ex. 5 (Debtor's 2021 Federal Tax Return). By signing the Declaration and testifying at the 341 Meeting of Creditors held on February 23, 2023, there is no dispute that Debtor swore an oath that the financial information he provided was complete and accurate.

At his deposition held November 16, 2023, Debtor testified he had received the PPP loan deposits and that he spent the funds:

> Q. Okay. What was that deposit for?
>
> A. I have no clue, ma'am. Just being honest. I have no clue. But I did see that when—I was at work, actually, when the—when it came in because I was checking my account, and I'm thinking I might have got my little—you know, my little check money, and next thing you know, I seen that in there.
> ….
>
> Q. You had no idea what those funds were for?
>
> A. No, ma'am. I never filed. I didn't know what ACH Harvest Small Bus. I never—I never knew what that was.
>
> Q. What did you do with the money?
>
> A. I—I—I helped out family. I paid some bills. Kids. I don't know. I just—I seen some money in there, and I just—I—spent it on my family and helping out my family and my—and my—myself. That's just honest.
>
> Q. Yeah. And—and, then, I want you to look at—farther down that page on April 20-April 22nd, there's another deposit, an ACH deposit from the same lender, also designated as a PPP loan in the same amount. Do you see that?
>
> A. Yes, I do.
>
> Q. And what were those funds for?
>
> A. Same—same thing. I—like I said, I didn't—I don't know anything about no Harvest, whatever that is. Harvest—ACH Harvest, I don't know anything about it. But, like I said, some money came in, and it was a time—I—I—I started spending.
> ….
> Q. Did you ever—did you reach out to the bank or anyone to question the source of these two deposits?
>
> A. The only thing I did was, when I seen—on my email, I had got an email saying something about forgiveness, and I didn't know exactly what it was. I didn't reach out to anybody as well. But I just followed the steps and I—and I—they had forgave it.

5

UST Ex. 7 at 17-20 (Depo. Transcript). Debtor admitted that he received and spent $28,082 and that he at no time questioned or investigated the source of the funds. Debtor denies applying for the SBA Funds, yet admitted that he applied for forgiveness of the SBA Funds and that the SBA Funds were ultimately forgiven. He testified that he received email correspondence at his personal email address detailing how to apply for loan forgiveness. He explained:

> A. I never filed for no SBA or—or—or PPP, or whatever that is. I never filed for anything. So—but, again, like I say, I started to get emails. Once I started checking my emails and everything, I did—I took the steps and I—asking for forgiveness. I'm like, I ain't want to be stuck, you know. I know I did—I didn't fill out anything, but I know I've seen this money come in, so I'm like, I'm—let me—let me see if I can get it cleared off.

UST Ex. 7 at 20-21 (Depo. Transcript).

On March 21, 2023, the United States Trustee initiated the adversary proceeding by filing its complaint (AP No. 23-1021; ECF No. 1) against Debtor seeking a denial of discharge pursuant to 11 U.S.C § 727 (a), (c), (d), and (e). Debtor filed his answer (AP No. 23-1021; ECF No. 6) generally denying the allegations on April 20, 2023. On February 16, 2024, the United States Trustee filed its Motion for Summary Judgment (AP No. 23-1021; ECF No. 21) and on March 8, 2024, Debtor filed his Reply (AP No. 23-1021; ECF No. 23).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." *Jones v. Union*

6

23-01021-skk  Doc 26  FILED 04/26/24  ENTERED 04/26/24 13:07:35  Page 6 of 13

*County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party has an affirmative duty to "identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986) *quoting First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–289 (1968). If the evidence is merely colorable…or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989). The Court shall view all evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

"'Summary judgment is particularly inappropriate' when an individual's intent is at issue." *Buckeye Ret. Co., LLC v. Swegan (In re Swegan)*, 383 B.R. 646, 655-656 (B.A.P. 6th Cir. 2008) *(quoting Hoover v. Radabaugh*, 307 F.3d 460, 467 (6th Cir. 2002)). "Even where intent is at issue, summary judgment is appropriate if all reasonable inferences defeat the claims of one side." *Swegan*, 383 B.R. at 655-656 (internal citations omitted).

7

## LAW AND ANALYSIS

The United States Trustee moves for summary judgment on its claim to deny the Debtor discharge pursuant to 11 U.S.C. § 727(a)(4)(A), which provides that the Court shall grant debtors a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case— made a false oath or account." The Sixth Circuit laid out five elements a Court must weigh when determining dischargeability under § 727(a)(4)(A). *In re Keeney*, 227 F.3d 679, 685 (6th Cir. 2000). The *Keeney* elements, that the moving party must prove by a ponderance of the evidence, are as follows:

1. the debtor made a statement under oath;
2. the statement was false;
3. the debtor knew the statement was false;
4. the debtor made the statement with fraudulent intent; and
5. the statement related materially to the bankruptcy case.

*Id*. The moving party must show that all elements of § 727(a)(4)(A) are met to establish a *prima facie* case for denial of a debtor's discharge. Once a *prima facie* case is established, the burden shifts to "the debtor to provide a credible explanation for their actions." *Cleveland v. Bluestone (In re Bluestone)*, 102 B.R. 103, 106 (Bankr.N.D.Ohio 1989).

Bankruptcy provides a fresh start to the "honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 287 (1991). However, "discharge is a privilege and not a right." *In re Gandy*, 645 Fed.Appx. 348, 352 (6th Cir. 2016). To qualify for discharge, a debtor has an affirmative duty to disclose all of its assets to the bankruptcy court. *Montedonico v. Beckham (In re Beckham)*, 421 B.R. 602 (B.A.P. 6th Cir. 2009).

***Keeney* Elements: Court Findings for Elements One and Two**

As to the first and second *Keeney* elements, statements made in bankruptcy schedules, the statement of financial affairs, the 341 meeting of creditors, and testimony given at Rule 2004 exams are made under oath. *See, e.g., Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 725 (B.A.P. 6th Cir. 1999). A knowingly false statement or omission made by the Debtor "with reckless indifference to the truth will suffice as grounds for the denial of a Chapter 7 general discharge." *Id*.

The Court determines that Debtor made false statements regarding his income under oath. On his Schedules and SOFA, Debtor attested that he only received wage income, and he admitted to receiving and spending $28,082.00 in non-wage income at his deposition. There is no genuine dispute as to whether Debtor made statements under oath and whether those statements were in fact false. Therefore, for purposes of trial, the Court deems these facts established under Fed.R.Civ.P. 56(g).

***Keeney* Elements: Court Findings for Element Three**

For the third *Keeney* element, knowledge may be shown by "demonstrating that the debtor knew the truth, but nonetheless failed to give the information or gave contradictory information." *In re Hamo*, 233 B.R. 718, 725 (B.A.P. 6th Cir. 1999).

The Court has already determined that the Debtor made false statements under oath. The third *Keeney* element examines whether the debtor knew the statement was false. Debtor admits he saw the SBA Funds in his bank account and spent those funds prepetition, so the Debtor knew he had received the SBA Funds. Debtor admits he completed a loan forgiveness application for each of the two deposits into his bank account and each is electronically signed Keith Crump,

9

23-01021-skk   Doc 26   FILED 04/26/24   ENTERED 04/26/24 13:07:35   Page 9 of 13

Owner. UST Ex. 10 at 1 (First Loan Forgiveness Application); UST Ex. 13 at 1 (Second Loan Forgiveness Application).

SOFA Part 4 asks for the total amount of income received from all jobs and all businesses. By applying for loan forgiveness, the Debtor knew he had an avenue by which he would not have to repay the SBA Funds. Debtor availed himself of that avenue, and in doing so, included (i) his own name as the Business Legal Name and the DBA or Tradename, (ii) his own address as the Business address; (iii) his own Social Security Number as the Business TIN; (iv) his own phone number as the Business Phone; (v) the number of employees he had both at the time of the loan application and at the time of the loan forgiveness; and (vi) the amount of money he spent on Payroll Costs.

By admitting that he "followed the steps" to complete the loan forgiveness application (UST Ex. 7 at 20-21 (Depo. Transcript)), Debtor knew his answer to SOFA Part 4 was false because he had previously submitted a loan forgiveness application for the SBA Funds. If Debtor did not know at the time of his receipt of the SBA Funds that they were from the SBA, he certainly knew at the time he requested the forgiveness of the SBA Funds that they were from the SBA. Therefore, for purposes of trial, the Court deems these facts established under Fed.R.Civ.P. 56(g).

*Keeney* **Elements: Genuine Issues of Material Fact Remain for Element Four**

The fourth *Keeney* element is most difficult to prove and results in the most litigation. A debtor will rarely admit to fraudulent intent, but a Court may infer such intent "based on a course of conduct." *Structured Asset Servs., L.L.C. v. Self (In re Self)*, 325 B.R. 224, 248 (Bankr.N.D.Ill.2005). A reckless disregard as to whether a representation is true will also satisfy

the intent requirement. *In re Keeney*, 227 F.3d at 686. "Courts may deduce fraudulent intent from all the facts and circumstances of a case." *Id*. "Intent to defraud involves a material representation that you know to be false, or, what amounts to the same thing, an omission that you know will create an erroneous impression." *In re Chavin*, 150 F.3d 726, 728 (7th Cir.1998). Here, the Court determines that genuine issues of material fact remain that must be determined at trial.

Debtor admits that he used the SBA Funds to cover personal expenses, and his testimony also shows that he actively took steps to have the PPP funds forgiven or "cleared off." UST Ex. 7 at 21 (Depo. Transcript).

In reviewing the PPP Loan Application Forgiveness Forms (UST Ex. 10 and 13), the Debtor listed his name as the Business Legal Name ("Borrower") signed his name as the Authorized Representative of Borrower. He certified he complied with all requirements in the Paycheck Protection Program Rules includes eligible uses of PPP loan proceeds, the amount of loan proceeds that must be used for payroll costs, the calculation and documentation of revenue deduction, and the calculation of the requested loan forgiveness amount. *Id*. Additionally, Debtor certified, under penalty of law, that all the information he provided to the SBA was true and correct in all material respects. *Id.*

The Court is faced with two opposing oaths of the Debtor: (1) the oath to the SBA in the Loan Forgiveness Application that he had a business and used the SBA Funds for payroll; and (2) the oath Debtor made during this bankruptcy proceeding that he does not own a business and used the SBA Funds for personal expenses. The Court, at this stage of litigation, must view these contradictions in a light most favorable to the Debtor. When viewing these competing

claims using the standard for summary judgment, the Count concludes that there is a genuine issue of material fact regarding whether the Debtor had the requisite fraudulent intent sufficient to meet the fourth *Keeney* element.

### *Keeney* Element:  Court Findings for Element Five

For the fifth and final element, the "subject of a false oath is material if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *In re Keeney*, 227 F.3d at 686 (internal citation omitted).

As to the fifth *Keeney* element of materiality, the Court determines that Debtor's omission of the SBA Funds on his Schedules, SOFA and at the 341 Meeting is material to his bankruptcy case.  Even if, due to timing, the SBA Funds do not alter the payout to creditors, Debtor's material omission prevented the trustee from thoroughly investigating the matter. Further, Debtor received fifty percent of his yearly income from PPP loan deposits in one month. These substantial deposits and his failure to disclose them affects Debtor's estate and the discovery of assets and is therefore, material.  The United States Trustee met its burden on the final *Keeney* element and the materiality element is deemed established for trial.  Therefore, for purposes of trial, the Court deems these facts established under Fed.R.Civ.P. 56(g).

## CONCLUSION

Having reviewed the record, and with the benefit of oral argument, the Court determines that there are no genuine issues of material fact on *Keeney* elements 1, 2, 3, and 5. When viewed in the light most favorable to Debtor, *Keeney* element 4 presents a genuine dispute that shall be determined after a trial on that element only. For the foregoing reasons, the United States Trustee's Motion for Summary Judgment is denied. A scheduling order will issue following a status conference on this matter.

IT IS SO ORDERED.